**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 17-rj-00005-RM

TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY
WELFARE FUND et al.,

    Plaintiffs and Judgment Creditors,

v.

ALL-STATE FIRE PROTECTION, INC., and
RAYMOND S. GIBLER,

    Defendants and Judgment Debtors,

v.

WELLS FARGO BANK N.A.,

    Garnishee.

---

## ORDER
---

    This matter is before the Court on Plaintiffs' Motion for Judgment against Garnishee in Favor of Judgment Debtor for Use of Judgment Creditor (the "Motion") (ECF No. 20), seeking an order (1) to enter judgment in favor of judgment debtor Raymond S. Gibler ("Mr. Gibler") and against the garnishee, Wells Fargo Bank N.A. ("Wells Fargo"), for the use of Plaintiffs, judgment creditors; and (2) to direct Wells Fargo to pay the garnished funds directly over to the attorney for Plaintiffs. Before the Court may grant such relief, it must be satisfied that the requirements for the entry of such order have been met.

    Pursuant to Fed. R. Civ. P. 69(a)(1), unless otherwise ordered, a money judgment is enforced by a writ of execution. The procedure on execution "must accord with the procedure of

the state where the court is located, but a federal statute governs to the extent it applies." In this case, the state would be Colorado.

Colorado's procedures may be found in C.R.C.P. 103 and, as relevant here, Colo. Rev. Stat. § 13-54.5-107. Under C.R.C.P. 103, Plaintiffs must, among other things, make "a proper showing" that: (1) a copy of the "writ with notice"[1] was properly served on the judgment debtor; and (2) the judgment debtor filed no written claim of exemption within 14 days after such service, or a written claim of exemption was filed and disallowed. C.R.C.P. 103, Section (2)(g)(2). In order to satisfy the first requirement, a copy of the writ of notice that was served on the garnishee, together with a blank copy of a "Claim of Exemption to Writ of Garnishment with Notice" (the "Form 30") must be served on the judgment debtor. C.R.C.P. 103, Section (2)(d)(2). Such service must be in accordance with Colo. Rev. Stat. § 13-54.5-107(2). *Id.* Section 13-54.5-107(2)(a)(III)(A) allows service "by certified mail, return receipt requested, or by regular mail supported by an affidavit of mailing sworn and retained by the judgment creditor."

In this case, Plaintiffs state that on August 11, 2017, the judgment debtor, Mr. Gibler, was served with the Writ of Garnishment (the writ with notice) via United States mail; and Mr. Gibler has not filed a claim of exemption. (ECF No. 20, ¶¶ 4, 6.) The Court finds, however, Plaintiffs have not made a "proper showing" of compliance under Rule 103. First, other than Plaintiffs' bare statement, there is nothing in the record to show the writ with notice was served on Mr. Gibler. The Motion is not verified and the only entry for August 11, 2017, on the court's docket shows a writ of continuing garnishment on All-State Fire Protection, Inc. (ECF No. 17.) Moreover, even if Plaintiffs' statement, standing alone, is sufficient, there is no indication that a

---

[1] A "writ of garnishment with notice of exemption and pending levy" served on the garnishee. C.R.C.P. 103, Section 2(a).

blank Form 30 was served, along with the writ with notice, on Mr. Gibler. Secondly, service by United States mail is allowed, but Plaintiffs did not identify whether it was by certified mail, return receipt requested or, if not, whether such mailing is "supported by an affidavit of mailing sworn and retained by the judgment creditor." Colo. Rev. Stat. § 13-54.5-107(2)(a)(III)(A). Service by United States mail, standing alone, is insufficient. *See id*. Accordingly, based on the foregoing, it is

**ORDERED** that Plaintiffs' Motion for Judgment against Garnishee in Favor of Judgment Debtor for Use of Judgment Creditor (ECF No. 20) is **DENIED WITHOUT PREJUDICE**.

DATED this 17th day of November, 2017.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge