**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 17-rj-00005-RM

TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY
WELFARE FUND;
TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER LOCAL 669 UA
EDUCATION FUND;
TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY
PENSION FUND;
TRUSTEES OF THE SPRINKLER INDUSTRY SUPPLEMENTAL PENSION FUND;
TRUSTEES OF THE INTERNATIONAL TRAINING FUND;
TRUSTEES OF THE METAL TRADES WELFARE FUND; AND
TRUSTEES OF THE METAL TRADES PENSION FUND,

    Plaintiffs and Judgment Creditors,

v.

ALL-STATE FIRE PROTECTION, INC.; and
RAYMOND S. GIBLER,

    Defendants and Judgment Debtors,

v.

WELLS FARGO BANK N.A.,

    Garnishee.
_____

## ORDER
_____

Plaintiffs' Application (ECF No. 22) seeks a charging order, asserting it may be had *ex parte* but cites to no legal authority and provides no analysis in support. Upon the Court's review of *First Nat'l Bank of Denver v. District Court*, 652 P.2d 613 (Colo. 1982) and *Phillips v. Phillips*, 400 P.2d 450 (Colo. 1964), it finds an *ex parte* order may not be had. Instead, "notice to the persons whose rights might be adversely affected by the grant of the relief sought," *First*

*Nat'l Bank of Denver*, 652 P.2d at 617, must be given by Plaintiffs.  In addition, after notice, the Court may set the Application for a hearing.   Accordingly, it is **ORDERED**:

(1) That, within 14 days of the date of this Order, Plaintiffs shall serve copies of this Order and of the Application to Defendant Gibler and to Gibs Performance Horses, LLC, and shall file a certification of the same with the Court; and

(2) That, within 14 days of the service of this Order and Application, the persons served may file their responses to the Application and shall serve all responses upon all parties who have entered an appearance in this matter.

DATED this 28th day of December, 2017.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge